Oakley, J.
This is a special action on the case. The first count of the declaration sets forth, in substance, that the plaintiff was possessed of the unexpired term of a certain house, and demised the same for one year to certain persons, who entered, and were in the quiet possession of the same as the tenants of the plaintiff: that the defendant knowing that they rightfully so held possession, as tenants of the plaintiff, and wrongfully and maliciously intending to injure the plaintiff, came to the premises, and threatened to seize the goods of the tenants then lying on the premises : that by means of such wrongful and malicious act of the defendant, he caused the tenants to remove from the premises, whereby the plaintiff lost his tenants; the said premises became vacant and unoccupied for a long period, and the said plaintiff lost the rents and profits of the said house during such period.
The second count states the letting of the premises, as in the first; and the entry and quiet possession of the tenants, and the knowledge of the defendant that they were rightfully in possession, and that the defendant wrongfully and maliciously intending *215 to injure the plaintiff, threatened to seize the goods of the tenants living on the premises, if they did not remove from the same : by means of which he caused the tenants to abandon the possession, and the plaintiff thereby lost his tenants and his rents, which he would otherwise have received from the tenants : that he was unable to procure other tenants for the premises, and that they remained vacant and unoccupied, and were greatly dilapidated by reason thereof.
The third count sets forth a malicious disturbance of the tenants by the defendant, with the intent to deprive the plaintiff of his tenants, and prevent the occupation of the premises, and then avers, that by means thereof the tenants were obliged to abandon, and did abandon the premises; that the plaintiff thereby lost his tenants and his rents, which be would otherwise have received, and that the said premises remained vacant for a long period, during which they were greatly injured by means of their being so vacant.
To this declaration there is a general demurrer, and the question is whether, in either of the said counts a sufficient cause of action is disclosed.
It is believed that this is an action of the first impression; but that is no objection to maintaining it, if it appears to fall fairly within established principles.
In Com. Dig. (tit. Action on the Case for Misfeasance, A. 6.) it is laid down, that if man threatens the tenants of another, whereby they depart from their tenures, an action lies. On referring to 1 Rol. Abr. which is cited in Comyns, and to the Year Book, [9 H. VII. p. 8.] it appears that the tenants spoken of were tenants at will, who could dissolve their tenancy, or depart from their tenures at pleasure.
In the present case, the tenants, being tenants for years, could not, in judgment of law, depart from their tenures, though they might abandon the possession of their premises. The averment in the declaration, therefore, that the plaintiff lost his tenants, does not seem to set forth such an injury or damage as the law can notice. The case, however, in Comyns seems to establish the principle, that if a man, by interference with the tenants of ano *216 ther, or by disturbing or threatening them, causes damage to the an action will lie against him.
jn Pasley v. Freeman (3 D. & E. 51.) it was held, that a false affirmation made by the defendant with the intent to defraud the plaintiff, whereby the plaintiff receives damage, is the ground of an action, though the defendant is in no way benefited by it, and does not act in collusion with the person who is.
In Yates v. Joyce (11 Johns. Rep. p. 136.) the second and third counts of the declaration set forth in substance, that the plaintiff had a judgment against A., which was a lien on a certain lot of land; that A. had no other property to satisfy the judgment, and was insolvent; and that the plaintiff caused the said lot to be taken in execution on the judgment. It was then averred, that the defendant knowing the premises, but intending to defraud the plaintiff of the recovery of satisfaction of the judgment, demolished certain buildings on the lot, whereby the lot became of less value, and the plaintiff lost the benefit of his judgment to that amount. To these counts in the declaration, there was a general demurrer: but the action was sustained. The court said, that the declaration showed, that the plaintiff had sustained damage by the act of the defendant, which he alleged was done fraudulently, and with the intent to injure him. Trespass, say they, will not lie, for the plaintiff was not in possession. If, then, there is any remedy for him, it is in this form of action; and they go on to lay down the general principle as a sound one, that where “ the fraudulent misconduct of a party occasions an injury to the private rights of another, he shall be responsible in damages."
In that case, it will be remarked, that the immediate injury done by the defendant, by the destruction of the buildings, was to the owner or possessor of the land, who might clearly have had his action for the trespass. But the court count on the fraud, that because, the defendant knew the plaintiff’s right, and the interest he had in the land by virtue of his judgment, and intended an injury to him, he should be responsible.
It seems to me, that the facts set forth in the declaration in this case, and particularly in the third count, bring it fairly within the principles established in tire cases abo'vb alluded to. The plain *217 tiff’s allegation substantially is, that the defendant, knowing that he was the rightful possessor by his tenant of the premises in question, and wrongfully and maliciously intending to injure him, so disturbed his tenants, that they abandoned the possession, whereby he lost his rent, which he would have received if they had continued in possession, and the premises sustained injury and dilapidation, by reason of being vacant and unoccupied for the remainder of the year. Here is certainly damage to the plaintiff, and it is alleged to have been caused by the wrongful and malicious act of the defendant, committed with a full knowledge that he was violating the plaintiff’s rights, and with the intent to injure him. The case seems in all respects to come within the general principle laid down by the court in Yates v. Joyce.
It is said, however, that the tenant had no right to abandon the possession of the premises on account of the disturbance by the defendant; and that if the plaintiff bad sustained the injury complained of, it is owing to the wrongful act of the tenants, and the plaintiff’s remedy is against them. It does not follow, in my judgment, that because the tenants had violated their contract with the plaintiff, and are liable to him for the rent, that the defendant is to be excused from liability. The defendant has wrongfully, and with the intent to injure the plaintiff, caused the tenants to abandon the premises, and the damage, which is the gist of the action, is charged directly to his wrongful act towards the plaintiff.
Thus there are in the case damum et injuria, and where these are found united, they always constitute the ground of an action. I am of opinion, that the plaintiff is entitled to judgment on the demurrer.

Judgment for the plaintiff on the demurrer, with leave to the defendant to withdraw the same on payment of costs.

[W. Mulock, Att'y for the plff. P. A. Jay, Att'y for the def’t.]