S. C. POSNER CO., INC., Appellant, *v.* EMANUEL A. JACKSON et al., Respondents.

Tort — inducing employee of another to break contract of employment — when employer may recover.

1. If a person knowingly and intentionally interferes with the express contract rights of an employer with his employee and the purpose and intent of such interference is to injure such employer and it does result in his injury, an action will be sustained to recover damages therefor.

2. In an action to recover damages from defendants, its competitor in business, for inducing plaintiff's employee to break her contract of employment with it and to enter into a contract of employment with defendants, it is alleged that in pursuance of a wrongful, corrupt and malicious purpose the defendants induced the employee to abandon and break her aforesaid contract and in violation of the same to enter into the employ of the defendants, " a competing business." The plaintiff's right to recover in such case if at all depends:

1. Upon its right to the employee's services pursuant to the express contract for a definite period of time.

2. The defendants' knowledge of the contract and of the same being valuable, important and essential to the plaintiff in maintaining its business as the defendants' competitor.

3. The defendants' willful and malicious intent and purpose to injure the plaintiff by depriving it of such employee's services as provided in the contract.

*Held*, on examination of the complaint on demurrer thereto that, tested by these rules, it states facts sufficient to constitute a cause of action. (*Ashley* v. *Dixon*, 48 N. Y. 430; *De Jong* v. *Behrman Co.*, 148 App. Div. 37, distinguished.)

*Posner Co.* v. *Jackson*, 170 App. Div. 972, reversed.

(Argued March 8, 1918; decided April 23, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 10, 1915, affirming a judgment in favor of defendants entered upon an order of Special Term directing a dismissal of the complaint, the defendants having failed to serve an amended complaint pursuant to leave granted by a prior order of said Appellate Division which reversed an order of Special Term overruling a demurrer to the complaint and sustaining such demurrer.

The plaintiff by its complaint alleged that it is a corporation, and that it "Was and still is engaged in the business of designing, manufacturing and selling at wholesale ladies' gowns and wearing apparel in the borough of Manhattan, City of New York," and that the defendant E. A. Jackson, Inc., is a corporation "Likewise engaged in the business of designing and selling at, wholesale ladies' gowns and wearing apparel in the borough of Manhattan in competition with the plaintiff * * * and said Emanuel Jackson is the chief stockholder of said corporation and member of the board of directors and its president and actively engaged in the conduct and management of said business.

" *Third.* That heretofore Sarah C. Posner had for a

number of years been engaged in the business of designing gowns and ladies' garments, and had acquired great skill and displayed great taste in making such designs and had become so proficient as a designer that she achieved a great reputation throughout the markets where ladies' gowns and wearing apparel are sold, and her name as a designer added value to garments and secured a readier sale for them and made her services unique.

"*Fourth.* On information and belief, said Sarah C. Posner on or about the 25th day of October, 1911, organized and incorporated the plaintiff corporation and thereafter, in reliance upon said Sarah C. Posner's skill and reputation as a designer, various persons were induced to subscribe to or purchase the stock of said corporation for its face value, and said Sarah C. Posner thereafter became a member of the board of directors of said corporation and at all times hereinafter mentioned continued to be such director and was elected president of said corporation and thereafter and at all times hereinafter mentioned continued to be such president, and on or about the 25th day of July, 1912, the said Sarah C. Posner entered into a written agreement with the said corporation, and with a majority of the stockholders of the said corporation and others, wherein and whereby she agreed to and did enter the services of the said corporation as a designer and manager for the period of five (5) years, from the 25th day of July, 1912, subject to the general control of the corporation, and agreed, subject to such control, to perform all such services as the said corporation should require. She also agreed to devote the whole of her time, attention and energy to the performance of her said duties and agreed not until the expiration of said contract, or any extended term thereof, either directly or indirectly, alone or in partnership, to be connected with or concerned in any other business or pursuit whatsoever and that she would

not until the expiration of such contract, or any extended term thereof, either directly or indirectly, engage in or become associated in the business of manufacturing or selling any kind of ladies' garments, apparel or other similar articles, either as principal, agent or employee, or in any other relation or capacity, or as stockholder, general officer or employee engaged in such or similar business without the consent of the plaintiff or its successor or assigns. * * *

" Sixth. Thereafter said Sarah C. Posner duly entered upon the performance of the duties assumed by her under said contract and received and accepted the salary of Seventy-five ($75) dollars per week. During the latter half of the year 1913 the defendant Emanuel Jackson acting in behalf of himself and of the defendant corporation, E. A. Jackson, Inc., and others to this plaintiff unknown, to injure the plaintiff in its business, wrongfully, corruptly, and maliciously, and for the purpose of enticing the said Sarah C. Posner and inducing her to break her contract with the plaintiff corporation, and of depriving it of her services and of securing such services for a competitor and of thereby injuring this corporation, offered and agreed to give to the said Sarah C. Posner an additional and increased compensation if she would break her contract with the plaintiff and leave its employ, and by means of said persuasions and inducements and increase of compensation offered, the said defendants enticed said Sarah C. Posner from the employ of this plaintiff and persuaded her to break her contract with this plaintiff and to enter into a contract of employment with the defendant E. A. Jackson, Inc., and said Sarah C. Posner thereupon, on or about the 10th day of January, 1914, did abandon and break her aforesaid contract and in violation of the same did enter into the employ of the defendant E. A. Jackson, Inc., a competing business, and is at present, as plaintiff is informed and believes, in said

employ, and she has utterly failed and refused to perform her contract with the plaintiff and has wrongfully broken the same, to the great damage and injury of this plaintiff.

" *Seventh.* That at the time the said defendants and the others who are to this plaintiff unknown, conspired to and did wrongfully entice said Sarah C. Posner from the employ of the plaintiff and persuaded and induced her to wrongfully break her contract with this plaintiff, and it was well known to them that the plaintiff had been organized by said Sarah C. Posner, that she was one of the principal persons engaged in its management, that she had loaned to its enterprise her name, that she was then a director and the president thereof, and in the employ of the plaintiff, and that she was a party to a written contract of employment for her exclusive services for a period of years to come."

The complaint also alleged injury and damage to the extent of $25,000, and demanded judgment for that amount.

The defendants demurred to the complaint upon the ground that it does not state facts sufficient to constitute a cause of action. The plaintiff asked that the demurrer be overruled and for judgment upon the pleadings. Its motion was granted. (*Posner Co., Inc., v. Jackson,* N. Y. L. J., May 2, 1914, Justice GREENBAUM.) An appeal was taken from the judgment entered thereon to the Appellate Division where it was reversed and the demurrer sustained, but the plaintiff was given twenty days in which to serve an amended complaint. (*Posner Co., Inc., v. Jackson,* 166 App. Div. 920.) The plaintiff failed to amend its complaint and judgment was entered at Special Term dismissing the same. An appeal was taken from that judgment to the Appellate Division where it was affirmed. (*Posner Co., Inc., v. Jackson,* 170 App. Div. 972.) From the judgment of the Appellate Division an appeal is taken to this court.

*Edmond E. Wise* for appellant.   An actionable wrong is committed by one who maliciously interferes in a contract between two parties, and induces one of them to break that contract, to the injury of the other. (*Hitchman C. & C. Co.* v. *Mitchell,* 245 U. S. 229; *McCall* v. *Wright,* 189 N. Y. 143; *Skidmore* v. *Smith,* 13 Johns. 322; *Stuart* v. *Simpson,* 1 Wend. 376; *Haight* v. *Badgeley,* 15 Barb. 499; *Caughey* v. *Smith,* 47 N. Y. 244; *Quinn* v. *Leatham,* L. R. App. Cas. [1901] 495; *Bowen* v. *Hall,* L. R. 6 Q. B. D. 333; *Rice* v. *Manley,* 66 N. Y. 82; *Curran* v. *Galen,* 152 N. Y. 33; *Nat. Prot. Assn.* v. *Cummings,* 170 N. Y. 315.)

*Julius Henry Cohen* and *Theodore B. Richter* for respondents.   A person who, without fraud or other unlawful means, induces another to break a contract is not liable in tort.   (*Ashley* v. *Dixon,* 48 N. Y. 430; *Daly* v. *Cornwell,* 34 App. Div. 27; *Rosenau* v. *Empire Circuit Co.,* 131 App. Div. 429; *Laskey F. P. Co.* v. *Fox Valley Co.,* 93 Misc. Rep. 364; 174 App. Div. 872; *De Jong* v. *Behrman Co.,* 148 App. Div. 37; *Mahler Co.* v. *Mahler,* 160 App. Div. 548; *Turner* v. *Fulcher,* 165 N. Y. Supp. 282; *First Nat. Bank* v. *Whitman,* 94 U. S. 343; *Insurance Co.* v. *Brame,* 95 U. S. 754; *Boysen* v. *Thorn,* 98 Cal. 578.)

CHASE, J.   The sufficiency of the complaint is challenged.   In considering this appeal we must take its allegations as true.   The plaintiff's right to recover thereon, if at all depends,

1. Upon its right to the employee's services pursuant to the express contract for a definite period of time.

2. The defendants' knowledge of the contract and of the same being valuable, important and essential to the plaintiff in maintaining its business as the defendants' competitor.

3. The defendants' willful and malicious intent and purpose to injure the plaintiff by depriving it of such employee's services as provided in the contract.

The employee contracted to " Devote the whole of her time, attention and energy to the performance of her said duties," and that she would not " until the expiration of such contract, or any extended term thereof, either directly or indirectly, engage in or become associated in the business of manufacturing or selling any kind of ladies' garments, apparel or other similar articles, either as principal, agent, or employee."

The employee's failure to perform her contract so far as appears was inexcusable. She is liable at law for the damages occasioned by her failure to perform her contract. As the services to be performed by her under the contract were special, unique and extraordinary, if the remedy at law is inadequate an action could have been sustained in equity to restrain her from the violation of the negative covenants to which she became bound in connection with her employment. (*McCall Co.* v. *Wright,* 198 N. Y. 143; *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229.)

The faithful performance of the covenants by the employee was of vital importance to the employer. It is apparent from the allegations of the complaint that if the contract is not performed serious injury to the plaintiff must necessarily result therefrom. When the defendants induced the employee to break her contract with the plaintiff " It was well known to them that the plaintiff had been organized " by the employee and " that she was one of the principal persons engaged in its management, that she had loaned to its enterprise her name, and she was then a director and president thereof, and in the employ of the plaintiff, and that she was a party to a written contract of employment for her exclusive services for a period of years to come."

In persuading the employee to break the contract with the plaintiff the defendant Jackson acted for himself and for the defendant corporation. He intended " to

injure the plaintiff in its business," and entice such employee from the plaintiff and persuade her to break her contract with the plaintiff for the purpose of " depriving it of her services and of securing such services for a competitor and of thereby injuring this (plaintiff) corporation."

It is alleged that in pursuance of a wrongful, corrupt and malicious purpose the defendants induced the employee to abandon and break her aforesaid contract and in violation of the same to enter into the employ of the defendant E. A. Jackson, Inc., " a competing business."

Such contract as that described is a property right. An interference with such a property right by which it is lost to an employer is a wrong in morals and when without justification or excuse may be an actionable tort for which damages can be recovered against the wrongdoer.

If a person knowingly and intentionally interfere with the express contract rights of an employer with his employee and the purpose and intent of such interference is to injure such employer and it does result in his injury, an action will be sustained to recover damages therefor. (*Bossert* v. *Dhuy,* 221 N. Y. 342; *National Protective Association* v. *Cumming,* 170 N. Y. 315; *Warschauser* v. *Brooklyn Furniture Co.,* 159 App. Div. 81; *Lumley* v. *Gye,* 2 El. & Bl. 216; *Quinn* v. *Leathem,* 1901 A. C. 495; 27 Eng. Ruling Cases, 66 and note; 1 British Ruling Cases, 197 and note; *Angle* v. *Chic., St. P., M. & O. R. Co.,* 151 U. S. 1, 13; *Dr. Miles Medical Co.* v. *Park & Sons Co.,* 220 U. S. 373; *Hitchman Coal & Coke Co.* v. *Mitchell,* 245 U. S. 229, 252; *Eagle Glass & Mfg. Co.* v. *Rowe,* 245 U. S. 275; *Lewis* v. *Bloede,* 202 Fed. Rep. 7, 15; *Walker* v. *Cronin,* 107 Mass. 555; *Moran* v. *Dunphy,* 177 Mass. 485; *Globe & Rutgers Fire Ins. Co.* v. *Fireman's Fund Ins. Co.,* 97 Miss. 148; *Thacker Coal*

& *Coke Co.* v. *Burke,* 59 W. Va. 253; *Doremus* v. *Hennessy,* 176 Ill. 608; *Gore* v. *Condon,* 87 Md. 368; *Bixby* v. *Dunlap,* 56 N. H. 456; *Martens* v. *Reilly,* 109 Wis. 464; *Rice* v. *Manley,* 66 N. Y. 82; *Aldridge* v. *Stuyvesant,* 1 Hall, 210; *Johnson Harvester Co.* v. *Meinhardt,* 9 Abb. [N. C.] 393; *Brennan* v. *United Hatters,* 73 N. J. L. 729; *Flaccus* v. *Smith,* 199 Penn. St. 128.)

The right of recovery is not dependent upon statute. (*Walker* v. *Cronin, supra; Hitchman Coal & Coke Co.* v. *Mitchell, supra.*)

In the case of *Ashley* v. *Dixon* (48 N. Y. 430), on which the respondent in part relies, the decision was in fact based upon a failure of evidence to establish the plaintiff's contention, as is stated by the court in the first two paragraphs of the opinion. The further dis-cussion of law was quite unnecessary to the decision. The case is also to be. distinguished from the case under consideration in that. it does not include the element of bad faith and willful intention to injure.the plaintiff, So in the case of *De Jong* v. *Behrman Co.* (148 App. Div. 37) there was no specific allegation of purpose and intent to injure the plaintiff.

It is neither necessary nor desirable in this case to discuss the civil liability of a person who interferes with the contract rights of another except as they are alleged in the complaint in this action. Such liability is specially dependent upon the facts found in each case and we expressly restrict our opinion to the facts upon which it is based.

The judgment of the Appellate Division should be reversed and that of Special Term affirmed, with costs in this court and in the Appellate Division.

HISCOCK, Ch. J., COLLIN, CUDDEBACK, HOGAN and CRANE, JJ., concur; McLAUGHLIN, J., not sitting.

Judgment accordingly.