MAX GLUCKSMANN, Respondent, *v.* WILLIAM GILLESPIE and Others, Copartners under the Firm Name of GILLESPIE BROS. & Co., Appellants.

First Department, May 2, 1924.

Contracts — wrongful interference — defendants as agents had contract with motion picture corporation for pictures for southern part of South America — contract was canceled and similar contract made with plaintiff — plaintiff alleges that thereafter defendants secured films and maliciously interfered with his territorial rights — malice, which is essential to cause of action, not shown — error to charge that test of defendants' liability was failure to use due care after cancellation of contract — measure of damage is not cost of contract to plaintiff but loss of profits — expert evidence as to value of contract is inadmissible.

In an action in tort to recover damages based on the alleged malicious interference by the defendants with plaintiff's motion picture territorial rights under a contract with a motion picture corporation, in which it appeared that the defendants, as agents, had a contract with the motion picture corporation for the southern part of South America, which contract was subsequently canceled and a contract made between the plaintiff and said corporation for the same territory, the plaintiff cannot recover, since malice on the part of the defendants, which is an essential element of the cause of action, is not shown. While it appears that the defendants' principal secured possession of certain pictures after the cancellation of the contract, shipping said pictures was a mistake, and after defendants' attention had been called to the fact they endeavored to divert said shipment to the plaintiff.

The test of the defendants' liability in an action of this nature is not whether they, after learning of the plaintiff's rights under his contract, did all that a reasonably prudent person would have done under the circumstances to protect the plaintiff in his contract rights but whether or not after knowledge of the plaintiff's contract the defendants acted maliciously for the purpose of injuring the plaintiff, and it was error to charge that the test of defendants' liability was their failure to use due care after learning of the plaintiff's rights.

*It seems,* that the case was submitted to the jury on an erroneous theory of damage in that the court charged that the measure of damages would be what the contract cost the plaintiff, whereas the correct measure would have been the loss of profits which plaintiff could have derived under his contract.

It was error to admit the opinions of experts as to the value of the contract held by the plaintiff since that question should have been determined by the jury from the facts proven.

APPEAL by the defendants, William Gillespie and others, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of January, 1923, upon the verdict of a jury, and also from an order entered in said clerk's office on the 23d day of January, 1923, denying the defendants' motion for a new trial made upon the minutes.

*Satterlee, Canfield & Stone* [*R. Randolph Hicks* of counsel; *Frederick C. Bangs* and *Carl E. Kieser* with him on the brief], for the appellants.

*Louis J. Rosett* [*Allan Deutsch* of counsel], for the respondent.

FINCH, J.:

The defendants had a contract with the Select Pictures Corporation whereby defendants were given the right to exploit certain motion pictures in the northern part of South America. The defendants also acted as agent for an Argentine corporation which had a similar contract with the Select Pictures Corporation for the southern part of South America. Defendants, as principal, placed orders with the Select Pictures Corporation for the northern part of South America, and as agent for the Argentine corporation placed orders for the southern part of South America. While both contracts were in force the defendants ordered of the Select Pictures Corporation, without specifying whether for themselves or for the Argentine corporation, certain pictures, which were furnished and forwarded by the defendants to the Argentine corporation. The Select Pictures Corporation had meanwhile canceled the contract with the Argentine corporation and entered into a contract with the plaintiff giving him the exclusive right to exploit in the territory formerly of the Argentine corporation certain pictures, including the pictures which had been furnished to the defendants as aforesaid. It further appears that these pictures were received and exhibited by the Argentine corporation, thus making them, plaintiff claims, of no value to him. The plaintiff sued the defendants in tort, alleging that the defendants secured the films by trick and device and maliciously interfered with the exclusive territorial rights of the plaintiff, to his damage. Upon the trial plaintiff attempted to show as sustaining his cause of action that the films were shipped by the defendants to the Argentine corporation after the defendants knew of the termination of the contract

4

with said corporation and of plaintiff's rights in the films, or that the defendants, after such knowledge, did not use their best efforts to prevent the delivery of said films to the Argentine corporation.

It appears that on January 9, 1920, the defendants shipped one case containing two sets of prints to the Argentine corporation, and about January twentieth shipped a case containing a third set of prints to another branch of said Argentine corporation. The Select Pictures Corporation's contract with the Argentine corporation was canceled on January 13, 1920, and on January fifteenth the defendants received a letter from the Select Pictures Corporation notifying them of such cancellation. It further appears that the plaintiff did not obtain the right to the particular pictures in question until the 22d of January, 1920, when his contract was amended to include the same. On January 26, 1920, defendants received a letter from the Select Pictures Corporation stating they had been informed the defendants had forwarded to the Argentine corporation pictures furnished defendants, in violation of defendants' contract with the Select Pictures Corporation. Plaintiff's witness Brock testified that when he spoke to the defendants' representative concerning the shipment of the pictures he was informed there had been some mistake about it, it had been done accidentally, and defendants had endeavored to get them back from the steamship company.

For the purpose of deciding this appeal it is only necessary to hold that upon this record there has not been shown any malicious interference with the rights of the plaintiff, nor is there anything upon which even gross negligence can be predicated. Certainly a cause of action, if any, in the case at bar cannot be based upon less than is required in the case of an interference with a contract right. In such a case malice is a necessary element in order to constitute a cause of action. (*Lumley* v. *Gye*, 22 L. J. Q. B. 463.) It is clear that there cannot be malice without intent, or intent without knowledge. In *Lamb* v. *Cheney & Son* (227 N. Y. 418) the court said: " In actions of this character the word should be given a liberal meaning. The act is malicious when the thing done is with the knowledge of plaintiff's rights and with the intent to interfere therewith. In a legal sense it means a wrongful act, done intentionally, without just cause or excuse."

In *Posner Co.* v. *Jackson* (223 N. Y. 325, 330) the court said: "The plaintiff's right to recover * * * if at all depends * * * upon * * * the defendants' knowledge of the contract and of the same being valuable, important and essential to the plaintiff in maintaining its business."

The facts shown at the trial indicate at most a failure on defendants' part to observe due care in its dealings with the Select Pictures

Corporation and with its property; it was the breach of a duty owed solely to the Select Pictures Corporation, an act of ordinary negligence without malice, and no liability to the plaintiff can be predicated thereon.

The plaintiff chiefly relies upon acts of omission by the defendants after learning of his rights, namely, in failing to do all that the defendants could to divert the shipments from the Argentine corporation to the plaintiff. In this connection the trial court charged the jury that the test was whether the defendants, after learning of the plaintiff's rights, did all that a reasonably prudent person would have done under the circumstances. Thus there was set up as a measure of liability mere acts of want of due care which could exist without any malice or intentional wrongdoing. In this the learned court was in error for the presence of malice is a necessary part of the cause of action. (*Beardsley* v. *Kilmer*, 236 N. Y. 80.)

Passing the question whether mere acts of omission might be so wanton as to imply malice or wrongful intent, it is sufficient to say that upon this record wanton disregard of consequences to the plaintiff cannot be predicated in connection with the alleged acts of omission. On the contrary, it appears that the defendants procured the Guaranty Trust Company, through whom the documents were forwarded to the Bank of South America, to cable the latter to deliver the shipment to the plaintiff. The defendants also requested the agents of the steamer upon which shipment had been made to effect the delivery of the shipment to the plaintiff instead of the consignee. It further appears that the defendants had been paid by the Argentine corporation for the films; that they returned the money received to the Argentine corporation, and received from the plaintiff a like amount upon their promise to have the shipment diverted, so that it was to defendants' interest to divert said shipment if possible and apparently they did all they could to further their interests and those of the plaintiff.

The foregoing calls for a reversal of the judgment and a dismissal of the complaint. It may be noted, however, that the case was submitted to the jury on an erroneous theory of damage, the court charging the jury that the measure of damages would be what the contract had cost the plaintiff. No evidence of damage based on the correct theory was submitted, namely, facts showing the profits which plaintiff could have derived from the exploitation of the pictures. (*Wakeman* v. *Wheeler & Wilson Mfg. Co.*, 101 N. Y. 205; *Broadway Photoplay Co.* v. *World Film Corp.*, 225 id. 104.) There also was error in the admission of the opinions of experts as to the value of the contract. This is not a proper subject of opinon

evidence, but is for the jury to determine from the facts shown. (*Wakeman* v. *Wheeler & Wilson Mfg. Co., supra; Prentiss* v. *Greene,* 193 App. Div. 672.)

It follows that the judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

DOWLING, SMITH, MERRELL and MARTIN, JJ., concur.

Judgment and order reversed, with costs, and complaint dismissed, with costs.