VAIL-BALLOU PRESS, INC., Plaintiff, v. HARRY V. CASEY, as President of BINGHAMTON TYPOGRAPHICAL UNION No. 232, a Voluntary, Unincorporated Association Consisting of More Than Seven Members, Defendant.

Supreme Court, Broome County, October 3, 1925.

Labor unions — action to restrain labor union from wrongfully interfering with contract between plaintiff and employees — contracts of employment are for definite period — provision in contract that employees will not become members of labor union is not illegal — evidence shows that defendant induced breach — temporary injunction granted.

In an action to restrain the defendant, a labor union, from wrongfully interfering with contracts of employment between the plaintiff and its employees, a temporary injunction will be granted where it appears that the contracts were for a definite period of time, and that the evidence shows that the defendant willfully induced plaintiff's employees to break their contracts with it.

A provision in the contract of employment that the employees would not become members of a labor union does not render the contract illegal.

APPLICATION by the plaintiff for an injunction *pendente lite* to restrain the defendant from the commission of alleged unlawful acts.

*Harry A. Yetter*, for the plaintiff.

*Frank L. Wooster*, for the defendant.

RHODES, J.:

Plaintiff is engaged in the business, among other things, of typesetting for books, and employs linotype operators, linotype machines, proofreaders and handmen, which employment requires skilled and trained employees whose training involves considerable time and expense. The defendant is a voluntary, unincorporated association composed of persons employed in such lines of work and is a local typographical trade union chartered by the International Typographical Union of North America. Prior to about March 6, 1921, plaintiff conducted its business as a union shop, but a strike having occurred, plaintiff thereafter operated its plant as a non-union shop, its practice being to procure employees and train them to be skilled in their vocation, and such employees entered into written contracts with the plaintiff by which they agreed to work for the plaintiff for a period of four years, and covenanted and agreed by such written contract not to become a member of a labor union.

Plaintiff claims that defendant intentionally and knowingly has induced and is attempting and threatening to induce various of its

44

employees to breach their written contracts, and in violation of the terms thereof to leave its employment, claiming that such acts of defendant are done for the purpose of inflicting injury and damage upon plaintiff's business, which said damage is and will be substantial and irreparable.

It is manifest that no injunction may issue against defendant except to prevent unlawful acts; that if the acts of the defendant are lawful and if no duty which the defendant owes to the plaintiff has been violated, this plaintiff has no remedy here. It is, therefore, essential that the rights and duties of the respective parties be clearly and definitely understood and defined. "Workingmen have the right to organize for the purpose of securing higher wages, shorter hours of labor or improving their relations with their employers. They have the right to strike; that is, to cease working in a body by pre-arrangement until a grievance is redressed, provided the object is not to gratify malice or inflict injury upon others, but to secure better terms of employment for themselves. A peaceable and orderly strike, not to harm others, but to improve their own condition, is not in violation of law." (*National Protective Association* v. *Cumming*, 170 N. Y. 315. See, also, *Bossert* v. *Dhuy*, 221 N. Y. 342.)

However, it is and always has been the law of this State, and also of many other jurisdictions, including England, that if a person knowingly and intentionally interferes with the express contract rights of an employer with his employee, and the purpose and intention of such interference is to injure such employer and it does result in his injury, such conduct is unlawful and entitles the employer to relief and redress in court. (See *Posner Co., Inc.*, v. *Jackson*, 223 N. Y. 325; *Lamb* v. *Cheney & Son*, 227 id. 418.) In other words, it is illegal for any person to induce an employee to break his contract of employment and discontinue the same where the contract is still in force and has a definite time to run. The reason is that such a contract is a property right of value to an employer. (See *Posner Co., Inc.*, v. *Jackson, supra.*) The rule is different where there is no employment for an expressed definite term, because, " It is not the duty of one man to work for another unless he has agreed to, and if he has so agreed but for *no fixed period,* either may end the contract whenever he chooses." (*National Protective Association* v. *Cumming, supra.*)

In the case at bar the plaintiff charges that the defendant has knowingly and intentionally induced plaintiff's employees to breach their unexpired contracts of employment, and that the defendant persists in such endeavors and threatens so to do. Such acts performed with such an intent and purpose are, therefore, unlawful.

While the defendant has the right to do such lawful acts as are necessary to further the interests of its members and promote the objects of the organization, which are recognized as commendable, proper and beneficial, it, of course, is not justified in doing unlawful acts primarily and intentionally designed to injure and damage plaintiff. Very probably the defendant has no desire to transgress the law, or to do acts forbidden thereby. For this reason I have endeavored to outline briefly, but definitely, its rights and obligations, in order that having them in mind it might conform thereto. There is nothing shown here to dispute the fact that plaintiff's employees were bound by lawful written contracts. The provision therein by which the employee agreed not to become a member of a labor union, is not unlawful. (See *People* v. *Marcus*, 185 N. Y. 257.)

The proof presented upon this application, some of which is undisputed, tends to indicate that the defendant, through its officers, has attempted knowingly and deliberately to induce plaintiff's employees to breach their written contracts of employment. Very convincing proof of this is evidenced by the letter of February 26, 1925, written by Harry V. Casey, president of the defendant, upon its stationery, in which he suggests placing a so-called undercover worker in plaintiff's plant for the purpose of furnishing him " valuable inside information." He also states that " We believe we are making some progress in our struggle with V.-B.'s American Plan policy. In a little more than a year we have taken out two proofreaders, three hand compositors, and 17 operators. They came out in bunches of six and eight. I am now engaged in organizing another class of ' rebels.' As fast as they become competent we go after them. We fully appreciate the co-operation you have given us and your disposition to be of service, and you may be sure that we will be glad to reciprocate in every way possible.".

For the reasons stated, the defendant should be enjoined ,and restrained from inducing or attempting to induce the plaintiff's employees to breach their contracts of employment with plaintiff. It is not intended by this memorandum to define the express language of the injunction order to be granted. The order may be settled before me at such time as is convenient for the attorneys for the respective parties.