HARRY M. WEINBERG, Appellant, v. IRWINESSIE HOLDING CORPORATION and Others, Respondents.

Second Department, January 14, 1929.

*Sidney J. Loeb* [*Charles Greenwald* with him on the brief], for the appellant.

*Thomas A. Mc Kennell* [*Frank J. Wheelan* and *Louis N. Halperin*, with him on the brief], for the respondents Friedman and others.

*Meyer Kraushaar*, for the respondents Horwitz and Lieberman.

Present — LAZANSKY, P. J., YOUNG, KAPPER, SEEGER and SCUDDER, JJ.

The following is the opinion of Mr. Justice TAYLOR:

TAYLOR, J. The defendants Irwinessie Holding Corporation, Horwitz and Lieberman together move for the dismissal as to them of the amended complaint, upon the ground that facts sufficient to constitute a cause of action against them are not therein stated. Other defendants, Friedman, Barth and Mestel, by separate motion, apply for like relief. In the first cause of action a broker's commission is claimed by the plaintiff, as assignee of a licensed broker, against the defendant corporation. It is alleged that the assignor,

under due employment, procured a purchaser for such defendant's real estate, at a price and upon terms specified by said defendant, which agreed to pay usual brokerage; that the assignor procured the defendant Friedman, who was ready, able and willing and who offered to purchase for the sum of $262,500, upon the specified terms; that the assignor notified said defendant that the assignor had procured such purchaser and requested that arrangements be made for the execution of the contract with Friedman; that the defendants conspired to injure the assignor and to prevent it from earning its commission upon the sale and wrongfully, corruptly and maliciously, for the purpose of inducing the defendant corporation to break its agreement with the assignor and of depriving the latter of its commission, induced the defendant corporation to deal directly with Friedman and thus to sell the property to him for $259,000, and " thereby save for themselves, said Irwinessie Holding Corporation and Adolph Friedman, the commission of $3,225, which would be payable to said Stone & Blake, Inc., if said Irwinessie Holding Corporation performed said contract aforementioned." I pause to state that it is not apparent to me how such acts of the defendants would be effectual to deprive the assignor of its commission earned from the defendant corporation. It is further alleged that in order to accomplish a breach of contract by the defendant corporation the defendants induced such corporation to contract for the sale of the property with the defendants Mestel, one of whom is Friedman's sister, and to deliver a deed of the property to them; that said acts were knowingly wrongful, corrupt and malicious, were committed in pursuance of a conspiracy between the defendants and with full knowledge of the assignor's said employment and its rights thereunder, and with intent wrongfully, corruptly and maliciously to deprive the said assignor of the benefits of the performance of said contract; that by reason of said acts the defendant corporation did break its contract, did refuse to consummate the sale of the property through the assignor as broker, and did in fact sell the property directly to Friedman, although the contract and deed therefor were made with and ran to the defendants Mestel; and that payment of the commission to the assignor was refused. Damage by reason of said acts, in the sum of $3,225, equal to the amount of the commission, is demanded against all defendants. The first alleged cause of action as above embodies one for broker's commission due to the plaintiff from the defendant corporation. The activities of the other defendants which it is claimed make for their liability to respond in damages to the plaintiff, all occurred after the earning of the commission as a matter of law upon the pleaded facts. The plaintiff's theory of liability of the said other defendants is that they

induced the said breach to the injury of the assignor, and that the plaintiff is entitled to recover such damages from all the defendants. The plaintiff invokes the law now well established upon the subject of liability for damages on the part of one who interferes with and induces the breach of a contract of any sort between two other persons by one of them. (*Posner Co.* v. *Jackson*, 223 N. Y. 325; *Lamb* v. *Cheney & Son*, 227 id. 418; *Campbell* v. *Gates*, 236 id. 457.) The law may be stated in several ways: (1) If A knowingly and intentionally interferes with the express contract rights of B under the latter's contract with C and with the purpose and intent of injuring B, and such interference does result in his injury (*Posner Co.* v. *Jackson, supra*), an action for the damages sustained by B lies against A; or (2) if A interferes with contractual relations recognized by law, and with rights possessed by B under the latter's contract with C, A's said act of interference is malicious, in the broad sense of that word, when the act is done with knowledge of B's said rights and with intent to interfere therewith (*Lamb* v. *Cheney & Son, supra*), and an action for damages against A is maintainable by B; or (3) if B has a legal contract of any sort with C, and A having knowledge of the existence thereof, intentionally, knowingly and without reasonable justification or excuse induces C to break the contract, by reason of which B sustains injury, an action will lie by B against A to recover the same. (*Campbell* v. *Gates, supra.*) There must be (a) interference by a third party inducing the fraud, and (b) damage to a contracting party from such interference. Does the first cause of action alleged state facts which, if established, would constitute a legal cause of action against the interfering defendants within the doctrine of the cases above cited? I determine in the negative — if for no other reason than the reason that the acts complained of did not damage the plaintiff's assignor or in any way interfere with its collection of its earned commission from the defendant corporation. That the situation herein is different from each one presented in the cases cited is quite clear. The defendant in the *Posner* case induced an employee to break the latter's not wholly executed contract of employment with the plaintiff therein, so that the plaintiff was deprived of the employee's services for the balance of the agreed term; in the *Lamb* case similarly the defendant induced from the plaintiff's employment a laborer during the term of his employment, and such services remaining to be rendered were lost to the plaintiff; in the *Campbell* case the plaintiff entered into a contract with one McClure whose services were of a unique character and whose skill in administrative and editorial capacities was considerable. By the terms of the agreement McClure was to devote his time to the work of organ-

izing and later to publishing a magazine. The defendant therein induced McClure to break his said agreement and to refuse to proceed further thereunder and plaintiff therein lost the benefit of McClure's services. In each case the contract remained at least in part executory at the time of the induced breach thereof, and the injured party lost benefits which would have accrued if the contract had not been breached. His right to sue the "interfering" party for damages suffered was sustained. The case at bar in neither cause of action presents any such situation for this case presents the situation of a commission actually earned and payable by the proposed seller, and such interference by the other defendants has simply resulted at most in the non-payment of the earned commission. The pleaded acts of the other defendants were committed when all that remained to be done by the employer was to pay the earned commission. I assume that the other defendants connived at and induced the non-payment thereof; and undoubtedly on their face such actions may have the appearance of an inducement of the breach which resulted in the non-payment of the commission, but no authority has been cited and I know of none which makes such defendants liable under such circumstances, for damages to the amount of the debt, by reason thereof.

I determine, therefore, that the first alleged cause of action states facts sufficient to constitute a cause of action for brokerage only against the defendant Irwinessie Holding Corporation, and not against any other defendant, and that where money becomes due to one party under a contract, the mere circumstance that an outsider "interferes" in the situation in such a way as to induce and aid the debtor not to pay the money due, does not make the interfering party liable for the amount due; this for the simple reason that the amount due is payable by the original debtor against whom the creditor still may take whatever action is contemplated and allowed by law to recover the damages. If this proposition were not correct, it is quite clear that any advice given by a third party to a person owing a valid debt, to the effect that the debt should not be paid, would constitute such an "interference" with contract rights as would render the advisor — even if he acted in good faith — liable for damages to the amount of the debt. Such is not the law. The second alleged cause of action, which involves the agreement to pay a specified compensation to the assignor on the part of the defendant Friedman, presents a legal situation which is analogous to that presented by the first cause of action. Such compensation from Friedman was actually earned before the alleged interfering acts of the other defendants, and the plaintiff's assignor was not legally damaged by said acts; his rights against Friedman for com-

pensation remain unimpaired. Therefore, I hold that the second cause of action states facts sufficient to constitute a cause of action only against the defendant Friedman and not against any other defendant. These views lead to the dismissal of the first cause of action as against the moving defendants other than Irwinessie Holding Corporation, and of the second cause of action as to the moving defendants other than the defendant Friedman. The motion is granted to the extent indicated without motion costs. Settle order on notice.