Morris Eder, J.
Motion by a defendant for summary judgment dismissing the complaint. The first two causes of action plead a conspiracy by all defendants, inducing and causing plaintiff to be separated from his employment in the Swiss consular service, wherein he was, it is claimed, entitled at the time to promotion. The third and fourth causes allege that defendants schemed and planned to induce the inventor whose product was being developed by the’corporation in which all the parties were stockholders, to breach his contractual relations with plaintiff, and wrongfully interfered in other respects with regard to plaintiff’s rights and interests in said corporation, resulting ultimately in defendants’ causing the filing of a reorganization proceeding of the corporation, with the intent and effect of eliminating entirely plaintiff’s stock interest.
The answer of the only defendant thus far served merely denies the material allegations of the complaint. Since the action is not one of the enumerated types of actions set forth in rule 113 of the Rules of Civil Practice, the motion by defend *317 ant must show a defense sufficient as a matter of law and founded ‘ ‘ upon facts established prima facie by documentary evidence or official record Such defense is not restricted to an affirmative defense but is intended in its broadest sense to include everything which would defeat the claim, including a general denial, in order “ to secure prompt determination of judiciable controversies ” (Levine v. Behn, 282 N. Y. 120, 124).
The documentary evidence offered by defendant as establishing his defense to the causes asking damages for plaintiff’s separation from his employment, consists of a letter admittedly received by plaintiff from the head of the State Department of the Swiss Government advising him that, for budgetary reasons, “ the employment relationship with you will terminate as of December 31, 1953. In view of the fact that the failure to reappoint you is solely based upon the necessity of reducing personnel, it is not to be considered a sanction. Since there is no culpability on your part, you will enjoy the benefit of [a pension] ”. Defendant also annexes copies of the applicable statutes of Switzerland, showing employment by the Government for terms of three years and renewable thereafter solely at the discretion of the Government, transfer and promotion likewise being discretionary.
Plaintiff does not deny that the Swiss consular service had the right to terminate his services and that 63 other officials were eliminated at the same time from the staff, but predicates his case on the fact that his failure to be promoted and eventual dismissal resulted solely from fraudulent statements made to the service by defendants against him. He refers to an investigation by the service into his outside activities while a consul in exploiting the invention and to various interviews with officials of the service in which, he claims, guarded hints were dropped that derogatory information supplied by defendants really caused his dismissal.
The documentary evidence fully establishes the denial of plaintiff’s right to recover on the first two causes of action, and plaintiff’s proof does not show facts sufficient to raise an issue with respect to its conclusiveness. (Its “ verity ” is, of course, conceded.)
A plaintiff may not maintain an action for damages for illegal interference with a contract in the absence of a showing of a contract giving plaintiff certain definite rights for a definite period of time (Posner Co. v. Jackson, 223 N. Y. 325). A complaint alleging malicious inducement by defendants to cause an employer to terminate his employment must be dismissed if it appears that plaintiff did not have a contract of employment *318 subject to breach, but merely an employment terminable at the option of the employer; the inducing cause for the employer’s exercise of his option is deemed immaterial, as no right of action based upon a mere termination exists (Squibb & Sons v. Ira J. Shapiro, Inc., 64 N. Y. S. 2d 368; Rizika v. Potter, 72 N. Y. S. 2d 372).
This case falls squarely within the doctrine laid down and the motion must accordingly be granted as to the first two causes of action. It may also be observed that plaintiff’s attempted contradiction of the statement in the letter that budgetary reasons motivated the failure to renew his employment, is based on hearsay and vague references to matters which are clearly not provable at the trial. Evidence not admissible at the trial may not be considered on the motion as obviously lacking in evidentiary value (Goldstein v. Massachusetts Acc. Co., 246 App. Div. 823). Plaintiff’s presentation of alleged facts which do not constitute legal proof in his endeavor to raise an issue as to the conclusiveness of the documentary evidence, is clearly inadequate.
In the remaining causes of action plaintiff alleges wrongful interference with his contractual rights and his stockholder’s rights in the corporation organized by the parties, resulting in defendants being left in sole ownership and control of all the corporate assets by the forced sale at the conclusion of the reorganization proceedings.
Defendant’s motion as to these causes is based upon the official records in the reorganization proceeding. These orders in the Federal court were not made until April and May, 1954 subsequent to the service of the answer herein in February, 1954. That, of course, is no ground of objection thereto, as a motion for summary judgment is not to be determined in the light of the facts as limited by the pleadings, but on the facts as they are shown to exist on the motion (Curry v. Mackenzie, 239 N. Y. 267).
On the basis of such official records, showing a finding despite plaintiff’s litigated objections that the petition therein was filed in good faith, and that the plan of reorganization was duly approved, defendant urges that, pursuant to the Bankruptcy Act (U. S. Code, tit. 11, § 628), “ all rights and interests of stockholders of the debtor ’ ’ were by operation of law terminated upon consummation of that plan, and that, accordingly, any question based upon plaintiff’s interest as a stockholder has been rendered academic and become moot.
*319 These causes of action are, however, claimed to arise by virtue of defendants’ scheme and plan to eliminate plaintiff’s interest as a stockholder, the reorganization proceeding itself being the vital part of that scheme. That is precisely what plaintiff himself is urging in requesting damages for alleged wrongful interference with his rights in the corporation. Obviously, then, his claim, if substantiated at the trial, must survive the consummation of that alleged scheme which resulted in the complete elimination of his interest in the corporation. His claim as an individual for damages against defendants for their alleged conspiracy has not become moot simply because he is no longer a stockholder by the very acts of defendants of which he complains.
Defendant also urges that, as plaintiff asserted in the reorganization proceedings the same charges contained in these causes of action, the orders and decrees therein have determined the same cause between the parties and is res judicata.
That defendant failed to set up an affirmative defense of res judicata by supplemental answer prior to this motion, is immaterial. In Feinberg v. Allen (208 N. Y. 215) the Court of Appeals, citing its earlier decision in Krekeler v. Ritter (62 N. Y. 372) held that it is settled that an estoppel of record, such as a judgment or decree, is receivable in evidence as proof of the facts in issue although not pleaded affirmatively, and, when received, is as conclusive as if pleaded and proven. As a motion for summary judgment is to be judged not on the basis of the pleadings, but on the factual situation then presented, the facts showing the defense of res judicata, though not pleaded, may be considered in deciding whether a triable issue exists.
A consideration of the facts bearing on this phase of the matter, however, discloses that the same charges were not passed upon and determined in the Federal court. A finding of good faith, as such, in filing a petition in the reorganization proceeding does not implicitly include a determination that defendants did not conspire to eliminate plaintiff’s stock interest. Such finding might, if that precise issue were there litigated and it be held germane to the matter there pending, be deemed to include it.
Plaintiff did incorporate in various defenses set forth in his answer to the petition therein charges identical with the allegations in these causes of action. However, at the hearing on the petition his attorney withdrew these charges from his answer. There still remained a bare conclusory statement in that answer *320 that the petition had not been filed in good faith, but for tile purpose of eliminating plaintiff as a stockholder. But the court did not permit any proof at all on this subject to be offered in evidence, stating, ‘ ‘ I am not going to go into a trial of the corporate management of this company and whether or not there has been — whether or not in the past there has been any proceedings had in the conduct of the corporate affairs which might warrant action in the state court.”
Accordingly, it must be held that the issues here presented have not been determined in the adjudication claimed and the motion directed to these causes must be denied.
Defendant Barth’s motion for summary judgment is granted as to the first and second causes of action and denied as to the third and fourth causes of action. Settle order.