J. Irwin Shapiro, J.
Motion by defendants Johnson for an order dismissing the complaint for insufficiency. Defendants Scott, Norris and Canselow move for like relief and in addition to dismiss the complaint on the ground that there is another action pending between the same parties for the same cause.
The complaint alleges that plaintiff is a duly ordained Baptist minister, that he is married and has one child, that he has the love and respect of his congregation, that defendants Scott, *25 Norris and Canselow are officers of plaintiff’s church, that said defendants together with the Reverend Thomas Harten entered upon a plan to disgrace the plaintiff, wreck his home and ruin him professionally as a minister, that Reverend Harten was in love with plaintiff’s wife, that defendants sought to “ frame ” plaintiff through his wife, that as part of the plan the defendant Mrs. Johnson suggested that plaintiff’s wife buy a sack dress for Easter, 1958, which allegedly was unsuitable for a minister’s wife and which plaintiff caused his wife to return to the store, that defendants Johnson then urged plaintiff’s wife to confer Avith defendant Scott, which she refused to do, that defendant Johnson circulated rumors that plaintiff’s Avife had left him and that she intended to get a separation because plaintiff had beaten her, that plaintiff’s wife denied these rumors in the presence of the church congregation, that Reverend Harten told plaintiff’s AAife that plaintiff ayrs a flirt and a drunkard and that he, Harten would make her famous, that defendant Vastor Johnson threatened to sue the plaintiff and accused the plaintiff of spreading rumors about him, that defendants eventually succeeded in getting plaintiff’s AA'ife to leave plaintiff’s bed and board and persuaded her to serve a summons on the plaintiff charging him with disorderly conduct, that defendant Scott illegally called a meeting of the board of trustees to try the plaintiff, that Harten and the defendants Scott and Vastor Johnson made the false statement that plaintiff threatened to kill five people, and that as a result of these false charges plaintiff’s reputation as a minister has been ruined.
The foregoing allegations contain elements of slander, alienation of affections (a cause of action noAv barred by statute) and interference with contractual relations.
To the extent that plaintiff is attempting to plead slander, the complaint is insufficient, since it fails to set forth the exact language used. (Brandt v. Winchell, 3 N Y 2d 628, 636.) To the extent that plaintiff is attempting to plead alienation of affections, that cause of action has been outlawed. (Civ. Prac. Act, art. 2-A; Rusa v. Rusa, 286 App. Div. 767.) If plaintiff is attempting to plead interference with contractual relations, he has failed to plead the existence of a contract for a specific period of time 'and its breach. (Luisoni v. Barth, 2 Misc 2d 315, 317.)
Both motions to dismiss the complaint for insufficiency are granted, with leave to the plaintiff to serve an amended complaint setting forth any cause of action he may have. Those acts Avhich constitute a traditional form of tort should be pleaded as such; those acts which, lawful in themselves, are rendered *26 unlawful by the malicious motives of the defendants may be pleaded as prima facie tort. (Advance Music Corp. v. American Tobacco Co., 296 N. Y. 79; Sheppard v. Coopers’ Inc., 156 N. Y. S. 2d 391 affd. 2 A D 2d 881.) This renders academic the companion motion to dismiss the complaint because another action is pending.
Submit order.