Louis L. Friedman, J.
Plaintiff sues in an action where, in the prayer for relief, he seeks a declaratory judgment, an accounting, and for unlawfully inducing a breach of a contract. Defendants now move for an order pursuant to rule 106 of the Buies of Civil Practice dismissing the complaint on the grounds that the court does not have jurisdiction of the subject of the action and that it does not state facts sufficient to constitute a cause of action; or, in the alternative, pursuant to rule 102 of the Buies of Civil Practice, to make the complaint more definite and certain.
The allegations of the first cause of action attempt to spell out an agreement between the plaintiff and the defendant Gross, allegedly binding upon a partnership existing between the defendants, by the terms of which agreement plaintiff was to become a member of the partnership and participate in the share of the profits of said defendant Gross. Plaintiff further *935 alleges that the defendants have failed to turn over to him the share to which he was entitled.
The second cause of action is brought against the defendant Eaar for unlawfully inducing defendant Gross to breach her contract with plaintiff.
In the prayer for relief plaintiff seeks a judgment (1) decreeing that the business set forth in the complaint is a joint venture and enterprise between the plaintiff and the defendants; (2) that the right of the plaintiff in said joint venture and enterprise be established; (3) that the defendant Gross be compelled to account to plaintiff for such joint venture and enterprise.
Where a motion is made to dismiss, “ allegations of fact contained in the complaint are not in issue, and the court can determine only the question of law whether the pleading is sufficient to withstand challenge by demurrer or by its statutory modern substitute, motion to dismiss.” (Rockland Light & Power Co. v. City of New York, 289 N. Y. 45, 51; emphasis supplied.)
The general purpose of a declaratory judgment is to stabilize disputed legal relations as to present or prospective obligations (James v. Alderton Dock Yards, 256 N. Y. 298, 305; Wardrop Co. v. Fairfield Gardens, 237 App. Div. 605; Shapiro v. Nulife Garments Co., 270 App. Div. 121).
In Baldwin v. City of Buffalo (7 A D 2d 386, 387) the court said: “‘If the complaint states the substance of a bona fide justiciable controversy which should be settled, a cause of action for a declaratory judgment is stated.’ ” (Emphasis supplied.)
Testing the complaint by the standards laid down by the above cases, it seems clear that plaintiff has failed to allege the disputed or justiciable issue so essential to a pleading of this nature. Plaintiff utterly fails in the first cause of action to allege a denial of the entry into or existence of the alleged joint venture by the defendants, or that any dispute has arisen as to the legality or existence of this venture. The plaintiff must factually plead the existence of a controversy between the parties, requiring a determination of his rights, in order to sustain such a pleading.
Nor does plaintiff allege sufficient facts of compliance on his part relating to the alleged agreement so as to dispense with the requirements of rule 92 of the Rules of Civil Practice (Pletman v. Goldsoll, 264 App. Div. 393).
The second cause of action is the one in which plaintiff seeks relief by reason of the alleged unlawful interference with his contract. In order to sustain such a claim, four elements must *936 be present, to wit: (1) a specific valid contract for a definite time; (2) defendant’s knowledge of that contract; (3) a malicious inducement or intentional procuring by the defendant of one of the parties to the contract to breach the contract and the breach thereof; and (4) damages (Israel v. Wood Dolson Co., 1 N Y 2d 116, 120; Hornstein v. Podwitz, 254 N. Y. 443, 448; Lamb v. Cheney & Son, 227 N. Y. 418, 421).
While the complaint (second cause) contains some of the essentials of such an action, it fails to set forth a specific contract for a definite time (Lamb v. Cheney & Son, supra; Posner Co. v. Jackson, 223 N. Y. 325; Luisoni v. Barth, 2 Misc 2d 315), or that plaintiff has fully performed the terms on his part to be performed (Hornstein v. Podwitz, supra). Where the contract is terminable at will, no such action will lie (Luisoni v. Barth, supra; Squibb & Sons v. Ira J. Shapiro, Inc., 64 N. Y. S. 2d 368).
Accordingly, defendants’ motion pursuant to rule 106 of the Eules of Civil Practice is granted with leave to the plaintiff to plead over, if so advised, within 20 days after service of the order to be entered herein, with notice of entry thereof.