BERNARD GORDON, Plaintiff, *v.* DAVID MANKOFF and Others, Defendants.

City Court of New York, New York County, December 21, 1931.

*Bernard Gordon*, in person.

*Jacob Broches Aronoff*, for defendant Mankoff.

*McCombs & Ryan*, for the defendants John Cregan and Abe Rosenblum.

RYAN, J. From the complaint it appears that the plaintiff is and was an attorney and counselor at law. The defendant Mankoff was his client. Mankoff had a claim against the defendants Cregan and Mallory and retained plaintiff to prosecute it. Plaintiff was to receive thirty-five per cent of any moneys realized. He devoted considerable time in interviews, correspondence and examination of documents in connection therewith. Meanwhile, the defendant Rosenblum, knowning of plaintiff's retainer, induced Mankoff to permit him (Rosenblum) to adjust the matter with Cregan and Mallory. Rosenblum was not a party to any of the transactions except by his own intrusion. Cregan and Mallory joined Rosenblum in inducing Mankoff to settle his claim, with the purpose of depriving plaintiff of his fee. The claim was accordingly settled for $7,500. Pursuant to the concerted action of the defendants the client informed plaintiff that upon an examination of the books of Cregan and Mallory it was found that there was no basis for the claim made against them and that there was nothing further for plaintiff to

do. The insolvency of the client and his inability to pay plaintiff is alleged. The foregoing facts state substantially the cause of action for interference with contract, as alleged in the complaint. The second cause of action is one for conspiracy. It repeats the foregoing facts and then alleges that the defendants planned and arranged to lead plaintiff to believe that the claim of Mankoff against Cregan and Mallory had no merit and was to be abandoned; that, therefore, no legal services would be required on the part of the plaintiff, where, to the knowledge of all the defendants, the claim had merit, was to be reviewed and pressed for settlement, and was arranged by them that it be settled. That, in pursuance of such conspiracy, the defendants informed plaintiff that after careful investigation of such claim it was found to have no merit and was abandoned and that plaintiff should drop it; that the defendant also planned and arranged fraudulently, to conceal from plaintiff the fact that the claim had merit and that defendants Cregan and Mallory had paid $7,500 to Mankoff in settlement thereof; that, acting upon said plan and arrangement, the defendants did and have continued to fraudulently and unlawfully conceal and suppress the aforesaid facts from the plaintiff for the purpose and with the intention of cheating and defrauding him out of his fee. The defendants Rosenblum and Cregan, having answered, move for judgment on the pleadings in their behalf. The defendant Mallory, who has not answered, moves to dismiss the complaint on the ground that neither cause of action, as alleged, stated facts sufficient to constitute a cause of action. The argument in support of the motions as to the first cause of action is that Mankoff had an absolute right at any time to settle his claim, and as no lien existed because no action or proceeding had been commenced, that Cregan and Mallory could act without regard to the interests of the plaintiff. It is unquestioned that a client has the right to terminate the relationship of attorney and client at any time, with or without cause. That right is afforded him by the law because of the peculiar nature and character of the relationship, which in its very essence is one of trust and confidence. It is a right for the benefit of the client and is intended to save him from representation by an attorney whose services he no longer desires, an obviously sound and salutary doctrine. But while that relationship continues it is a contract which must be respected like any other contract and, because the law gives the client the right to terminate the relationship at will, is no justification for maliciously inclined third persons to disrupt it while it exists. " The law does not permit the client to cheat his attorney." (POUND, J., *Matter of Levy*, 249 N. Y. 168.) In the exercise of a free will Mankoff was entitled to end his contract with

the plaintiff at any time; but the charge here, sounding in tort, is that the defendants, with malicicus intent, induced him to do so and that same was brought about by their confederated procurement. The defendants argue, in attacking the second cause of action, that because Mankoff had the legal right at any time to terminate his retainer of the plaintiff, any acts of the defendants, even though maliciously motivated in bringing about any such termination, are not actionable. They invcke the rule that a malicious motive does not make unlawful an act which by itself is lawful. This argument overlooks the gravamen of both causes cf action, namely, that Mankoff did not exercise his right to end the relationship with the plaintiff, but that this was brought about by the unlawful institution of the defendant. *Randall* v. *Van Wagenen* (115 N. Y. 527) has no application. There the attorney sued as assignee of the claim of his client, though the complaint contained some allegations of fraud. As to damages, the argument of the defendants is specious which claims that their acts which, as alleged, interfered with and prevented plaintiff from continuing his retainer and collecting his proportionate share of the $7,500 actually paid, did not damage the plaintiff. It is beside the theory of the plaintiff's causes of action to hold him to his claim against his client. Motions denied, with ten dollars costs.