Louis C. Moser & Co., Inc., Appellant, *v.* George Kremer, Sr., et al., Respondents.

Supreme Court, Appellate Term, First Department, June 10, 1948.

*Nathan L. Levine* and *Emanuel Goldberg* for appellant.

*Clarence S. Barasch* and *Alexander Pfeiffer* for George Kremer, Sr., and another, respondents.

HOFSTADTER, J. The action is by a real estate broker who claims to have procured, jointly with the defendant Moskowitz, for the defendants Kremer, a lease of their property to the defendant Brooks. The cause of action attacked alleges the plaintiff's employment by the two Kremers, with authority in the plaintiff to employ cobrokers, an agreement between the plaintiff and the defendant Moskowitz to divide the commission equally, and the making of a lease by the Kremers to the defendant Brooks through the joint efforts of the plaintiff and the defendant Moskowitz. It is then alleged that Moskowitz conspired with the defendants already named and another defendant, Katz, to have the commission paid by the Kremers shared by Moskowitz and Katz to the exclusion of the plaintiff, that they conspired to and did deprive the plaintiff of its lawful share of the commission, and agreed to withhold from the plaintiff the fact that the lease had been consummated. It is alleged further that Moskowitz and Katz received and shared the commission and that the plaintiff, despite demand, has not been paid its share.

This complaint alleges a cause of action for wrongfully inducing a breach of contract. The appellant's brief states that the complaint has been patterned after the complaint in *Hornstein* v. *Podwitz* (254 N. Y. 443). The court below, however, held the cause of action as pleaded insufficient because of the absence of an allegation of specific damage, such as the insolvency of the owner who had employed it. While the complaint in *Hornstein* v. *Podwitz* (*supra*) did allege the owner's insolvency, the decision does not, in my opinion, hold this allegation or one of similar nature to be essential to a recovery. The principle announced there is that a cause of action exists against third persons who confederate with the broker's employer to defeat the broker's recovery of commission.

Nor does the fact that the broker has already earned his commission and thus has a good cause of action in contract against his employer defeat an action in tort for inducing a

breach. Indeed, in *Hornstein* v. *Podwitz* (*supra*), the Court of Appeals specifically disapproved two cases which had denied the right to recover in tort merely because the brokerage contract had been executed and nothing remained to be done under it beyond paying the earned commission (*Pepper* v. *Korn*, 218 App. Div. 513; *Weinberg* v. *Irwinessie Holding Corp.*, 225 App. Div. 241).

I do not regard *Shapiro* v. *Greenwich Sav. Bank* (266 App. Div. 359, affd. 293 N. Y. 724) and *Simon* v. *Noma Electric Corp.* (293 N. Y. 171) as holding to the contrary. These cases were decided after trial and dealt with the sufficiency of proof, rather than of pleading. It has been held that a general allegation of damage in this type of complaint is all that is required (*Tatarsky* v. *Wavecrest Bldg. Corp.*, 49 N. Y. S. 2d 335, affd. 268 App. Div. 885; *Norris* v. *Pase Motors*, N. Y. L. J., Sept. 27, 1944, p. 655, col. 3, NULL, J.). I find no decision in this department, as argued by the respondents, which lays down a contrary rule. Nor do I see any valid reason why an action for wrongful inducement of a breach of a brokerage commission contract should be placed in a class by itself and hemmed in with restrictions not applicable to other cases.

The Kremers, the only respondents appearing in this court, urge further that they can in no event be held liable for a conspiracy to induce the breach of their own contract obligations. In support of this contention they cite *Labow* v. *Para-Ti Corp.* (272 App. Div. 890) and *Friedman* v. *Roseth Corp.* (270 App. Div. 988, affd. 297 N. Y. 495). This contention, however, overlooks the fact that the complaint does not stop with the allegation of the employment agreement between the plaintiff and the Kremers. It alleges in addition the agreement between the plaintiff and Moskowitz to divide the commission. The Kremers were not parties to this latter contract and the first cause of action charges the Kremers with conspiring to bring about the breach of that contract as well. Since the cause of action thus charges the Kremers with inducing the breach of an agreement to which they were not parties, the rule of the two cases just cited is inapplicable.

The order dismissing this cause of action is therefore reversed, with $10 costs and disbursements, and the motion denied.

CHURCH and HECHT, JJ., concur.

Order reversed, etc.