## CANISTER CO. v. NATIONAL CAN CORP.
### (two cases).
### Civ. A. Nos. 309, 365.

United States District Court
D. Delaware.

Feb. 20, 1951.

See also 8 F.R.D. 408.

John J. Morris, Jr. (of Hering, Morris, James & Hitchens), of Wilmington, Del., Arthur C. Gillette and John J. Bracken, Jr., of Newark, N. J. and James Harte Levenson, of New York City, for plaintiffs.

William S. Potter and Richard F. Corroon (of Southerland, Berl & Potter), of Wilmington, Del., for defendant.

LEAHY, Chief Judge.

The particular matter for decision is defendant's motions to strike certain allegations of the amended complaints. For purposes of the question our CA 309 and 365 will be considered as one. In CA 309 it is alleged:

"Plaintiff is informed and believes, and therefore alleges, that notwithstanding defendant was fully aware of all the facts hereinbefore alleged and of the probable result to plaintiff of the breach by defendant of its agreements with plaintiff, defendant voluntarily, deliberately and maliciously breached its agreements with plaintiff, and is continuing so to do, with the purpose and intent of injuring, damaging, or even destroying plaintiff's business and good will to the end that defendant, either alone or with others acting in concert with defendant, may thereby, in large measure, acquire plaintiff's customers and business, and consequently profit more largely than through the faithful performance of its agreements with plaintiff."

Defendant states the language complained of alleges a malicious breach of the contract and is an effort to lay a claim for the recovery of punitive damages. Plaintiffs, however, at argument asserted they make no claim to punitive damages because of malicious breach of contract. They do contend if defendant conspired with anyone to breach the contract, plaintiffs may sue for that wrong even though plaintiffs could recover from defendant independently of such conspiracy. The parties have agreed to meet the question for decision on the basis of the applicable New York law. New York decisions are cited by each in support of and in opposition to the questioned paragraph in the complaint. After reading the many cases cited, I have followed each party's attempt to distinguish either the differences or the applicability of the New York decisions to the matter at bar. Defendant's first reliance is on Friedman v. Roseth Corp., 270 App.Div. 988, 62 N.Y.S.2d 663, affirmed 297 N.Y. 495, 74 N.E.2d 192; Labow v. Para-Ti Corp., 272 App.Div. 890, 71 N.Y.S.2d 649; Moser & Co. v. Kremer, 192 Misc. 85, 80 N.Y.S.2d 199; Reiner v. North American Newspaper Alliance, 259 N.Y. 250, 181 N.E. 561, 83 A.L.R. 23. Plaintiffs marshal for the support of their view, Hornstein v. Podwitz, 254 N.Y. 443, 173 N.E. 674, 84 A.L.R. 1; Posner Co. v. Jackson, 223 N.Y. 325, 119 N.E. 573; Moser & Co. v. Kremer, 192 Misc. 85, 80 N.Y.S.2d 199; Morris v. Blume, Sup., 55 N.Y.S.2d 196, affirmed 269 App.Div. 832, 56 N.Y.S.2d 414; Keviczky v. Lorber, 290 N.Y. 297, 49 N.E.2d 146, 146 A.L.R. 1410; Simon v. Noma Electric Corp., 293 N.Y. 171, 56 N.E.2d 537; Tatarsky v. Wavecrest Building Corp., Sup., 49 N.Y.S.2d 335, affirmed 268 App.Div. 885, 51 N.Y.S.2d 95; Wolf v. Farkas, City Ct., 49 N.Y.S.2d 391; Pearce v. Knepper, Sup., 53 N.Y.S.2d 845; Lumber Mutual Casualty Ins. Co. of New York v. Friedman, 176 Misc. 703, 28 N.Y.S.2d 506; Gordon v. Mankoff, 146 Misc. 258, 261 N.Y.S. 888.

The problem here is to select and apply the apposite New York authority. I conclude the Friedman and Labow cases support defendant's interpretation of the New York law. Under that law, it appears an action for inducing a breach of contract will lie against a third party but a party to the contract itself can not be held responsible for inducing himself to commit a breach of that contract or for conspiring to breach it. This is on the theory that otherwise a party to a contract would be responsible not only for damages flowing from his breach but for something in addition. This, at bottom, the New York law indicates, would be equivalent to the recovery of punitive damages in a contract action. Such damages are specifically excluded under New York statutory provisions. New York Personal Property Law, McK. Consol. Laws. c. 41, § 148.

In conclusion, I think the New York law establishes that one contracting party does not have a cause of action against the other for conspiring to breach the contract or for inducing the breach if there has been breach and suit brought for such. Both Friedman and Labow state the rule which I consider I must follow. Accordingly, defendant's motions to strike the challenged portion of the complaint should be granted.