MURRAY B. ROSENBERG, Plaintiff, *v.* MARTIN J. WEISBERGER et al., Defendants.

Supreme Court, Special Term, Kings County, June 19, 1951.

*Nathanson, Lindenbaum & Young* for Samuel M. Halperin, defendant.

*Hyman B. Schutzer* for plaintiff.

*David Kashman* for Martin J. Weisberger and another, defendants.

ARKWRIGHT, J. The defendant, Samuel M. Halperin, moves for judgment on the pleadings in his favor, and for a dismissal of the complaint as to him for legal insufficiency.

The complaint contains two counts. The first is against the defendants Weisberger and Harwood for breach of contract to share real estate brokerage commissions with plaintiff. The second is against all three defendants predicated upon an alleged conspiracy by said defendants to interfere with the agreement set forth in the first cause of action and to deprive the plaintiff of the benefits thereof. But for the said conspiracy, it is claimed, the plaintiff would have received the sum of $3,750 under the terms of the said contract. It is also alleged that plaintiff had negotiated for the purchase of the premises in question with defendant Halperin, a stockholder, officer and director of the corporation which eventually took title to said premises.

It is the second cause of action which is being attacked upon this motion. The main contention of the moving defendant is that before a plaintiff can recover in a brokerage action on the count of conspiracy, he must allege that the party primarily liable on the application is either insolvent, or that judgment against said party would be unenforcible, and since plaintiff's complaint fails to make such allegation either directly or by inference, it should be dismissed as to said moving defendant.

In support of this contention, the movant relies heavily on an editorial appearing in the New York Law Journal on January 31, 1951, (p. 380, col. 1) and February 1, 1951 (p. 398, col. 1) entitled: '' Interference with Contract and Commission Rights of Realty Brokers and Salesmen.''

A careful analysis of that editorial and the cases therein discussed do not support movant's contention. In the installment of February 1st of the New York Law Journal, at page 398, the writer of the editorial states that '' the New York rule on brokerage cases *would appear to be* that a judgment against a principal for commissions does bar recovery in tort for interference, *if no facts are proven to show that the judgment is worthless.*'' (emphasis supplied), and further states: '' By way of conclusion it may be stated that the cases present an interesting conflict in views. Clarification by the appellate courts is desirable.''

It seems, therefore, that in the absence of an appellate ruling to the contrary, the general allegation of damage contained in the pleading under consideration herein is sufficient and that the failure to allege the insolvency of the defendants Weisberger and Harwood is not fatal. This would be in consonance with the holding in the leading case of *Hornstein* v. *Podwitz* (254 N. Y. 443, especially p. 449).

It is true that in the *Hornstein* case (*supra*) the complaint was amended to allege: "That the plaintiff has suffered damages by reason of the insolvency of the defendant" (the seller of the realty), but it is significant to note that such amendment was made upon the trial of the action. Thus, the *Hornstein* case has been interpreted to mean only that a general allegation of damage is necessary to sustain the complaint in advance of trial—in other words, that a general allegation of damage in the type of complaint involved herein is all that is required. (See *Tatarsky* v. *Wavecrest Bldg. Corp.* 268 App. Div. 885 [2d dept.]; *Moser & Co.* v. *Kremer,* 192 Misc. 85, and *Norris* v. *Pase Motors,* 80 N. Y. S. 2d 202.)

The cases relied upon by the movant, i.e., *Simon* v. *Noma Elec. Corp.* (293 N. Y. 171) and *Kalmanson* v. *Callahan* (276 App. Div. 983 [2d dept.]), are distinguishable in that they were decided after trial and dealt with the sufficiency of proof, rather than of pleading.

In view of the foregoing, the motion is denied. Settle order on notice.