MYRA GOLDING, on Behalf of Herself and All Other Stockholders of SOUTHBRIDGE PLASTICS, INC., Similarly Situated, Appellant-Respondent *v.* HARRY W. GOLDING et al., Respondents-Appellants.

MYRA GOLDING, on Behalf of Herself and All Other Stockholders of SOUTHERN BEDDING ACCESSORIES, INC., Similarly Situated, Appellant-Respondent, *v.* HARRY W. GOLDING et al., Respondents-Appellants.

First Department, May 21, 1957.

*Edwin F. X. Silk* of counsel (*Jacob J. Rosenblum* with him on the brief; *Garey & Garey,* attorneys), for appellant-respondent.

*Martin Kleinbard* of counsel (*Robert L. Lasky* with him on the brief; *Paul, Weiss, Rifkind, Wharton & Garrison,* attorneys), for respondents-appellants.

RABIN, J. These are companion appeals from certain orders made on motions to dismiss, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice in two similar derivative actions brought by a single stockholder of both corporations.

The first cause of action in each complaint alleges that four of the individual defendants, officers and directors of the corporations, made false and deceitful representations to the plaintiff to induce her to refrain beyond the period allowed by the Statute of Limitations from instituting actions for specified wrongful conduct of those and other defendants. The second causes of action charge the same four individual defendants with conspiring to deceive and mislead the plaintiff as aforesaid. The third cause of action in each complaint incorporates the preceding two causes and adds that the alleged waste and diversions have continued since 1953. And for a last cause of action the plaintiff seeks treble damage under section 1433 of the Penal Law, for the waste of corporate assets.

Special Term sustained the first causes of action but only as to the four individuals charged with misrepresentation, and dismissed as to the other individual defendants; the second causes of action were sustained in their entirety. The individual defendants appeal from these orders to the extent that said orders denied the motions addressed to the first two causes. Special Term granted defendants' motions to dismiss the third and fourth causes of action in the complaints. Plaintiff cross-appeals from the dismissal of the fourth causes of action. The third causes of action are not involved on this appeal.

We may first dispose of the cross appeal. The civil as well as the criminal features of section 1433 of the Penal Law are confined to " a case where the punishment is not specially prescribed by statute." (*Hazak, Inc.,* v. *Robertson Goetz Bldg. Co.,* 289 N. Y. 478; see, also, *Frischman* v. *Metropolitan Tobacco Co.,* 199 Misc. 844.) The complaints here charge acts amounting to theft and larceny which are therefore not comprehended within section 1433. In any event, the allegations of the plaintiff more

nearly recite wrongdoing motivated by the alleged self-interest of the defendants " to better [their] own fortunes " (*Harley & Lund Corp.* v. *Murray Rubber Co.*, 31 F. 2d 932, 934, cert. denied 279 U. S. 872) rather than the " disinterested malevolence " (*Beardsley* v. *Kilmer*, 236 N. Y. 80, 90) associated with a statute found in the article expressly dealing with " malicious mischief ". Special Term was right in dismissing the fourth causes.

The first causes of action are inspired by the secondary fraud action suggested by *Brick* v. *Cohn-Hall-Marx Co.* (276 N. Y. 259, 264) and applied by Judge SHIENTAG in *American Cities Power & Light Corp.* v. *Williams* (189 Misc. 829, 837). The alleged misrepresentations are extraneous to the alleged acts of waste and diversion, and would come within the scope of the doctrine of secondary fraud if they induced reliance long enough for the Statute of Limitations to run as to the primary wrongdoing. It appears from the complaints, however, that at the time of the institution of the action most, if not all the wrongs set out in the first causes of action were not barred by the statute, and the plaintiff so concedes upon this appeal. In the circumstances, that injury which is the crux of the secondary fraud doctrine is almost entirely absent. (Cf. *Rager* v. *McCloskey*, 305 N. Y. 75, 81.) The motion to dismiss the first causes of action should have been granted, with leave to replead as to such matter as plaintiff claims was barred by the Statute of Limitations as a result of her reliance upon fraudulent misrepresentations.

The second causes of action are so closely identified with the first that they, for the same reasons, should be dismissed with leave to replead. In addition, since the first causes of action, in their present form, can be maintained, as Special Term found, only against the four individual defendants responsible for the alleged misrepresentations, and since the second causes of action amount to no more than the charge that those same four conspired to perpetuate the aforesaid fraud, the second causes of action are defective (*Friedman* v. *Roseth Corp.*, 270 App. Div. 988, affd. 297 N. Y. 495; *Labow* v. *Para-Ti Corp.*, 272 App. Div. 890; *Canister Co.* v. *National Can Corp.*, 96 F. Supp. 273), and should be dismissed with leave to amend.

The orders insofar as appealed from by defendants should be modified in accordance herewith, with $20 costs and disbursements, and insofar as appealed from by plaintiff affirmed. Settle order.

BOTEIN, J. P., FRANK, VALENTE and McNALLY, JJ., concur.

Orders, insofar as appealed from by defendants, unanimously modified in accordance with the opinion herein and as so modified, affirmed, with $20 costs and disbursements and, insofar as appealed from by the plaintiff, unanimously affirmed. Settle order on notice.