Samuel Rabin, J.
Motion by defendants for an order dismissing the complaint for insufficiency. In their main brief, the defendants also argue that the action is barred by the Statute of Limitations, but since no motion was made on that ground, they have, in their reply brief, withdrawn that claim.
Plaintiff alleges that he is a professional photographer; that in 1954 he received some newspaper publicity in connection with a claim that he had caused pictures of a girl to be published without her permission; that in 1956 plaintiff was hired by Apeda Studios, Inc. (hereinafter called “Apeda”) on a commission basis; that Apeda did work for college year books; that plaintiff took some pictures to illustrate the quality of his work, on the basis of which the editor of the Adelphi College Oracle accepted Apeda’s offer and “ executed a contract ” with Apeda; that defendant Delma Studios, Inc. (hereinafter called “ Delma ”) had previously had the Oracle’s contract; that after the Oracle signed the contract with Apeda but before it was delivered, Delma was advised that it would not get the contract for 1957 but that a contract with Apeda had been executed although not delivered; that defendant Kirker, as an officer of Delma, thereupon showed the Oracle authorities the 1954 newspapers articles concerning the plaintiff and made some statements derogatory to the plaintiff with the intent of injuring the plaintiff’s reputation, as a result of which Oracle destroyed the undelivered contract with Apeda and awarded the contract to Delma. Plaintiff has alleged that he has suffered other damages as well.
The exact language of the statements made by the defendant Kirker concerning the plaintiff has not been set forth in the complaint. Plaintiff claims that he is not suing for slander or libel, but for prima facie tort.
‘ ‘ The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or a series of acts which would otherwise be lawful. (Ruza v. Ruza, 286 App. Div. 767, 769.) “If the doers, by means not in themselves unlawful, of acts not in themselves unlawful, *762 have any proper purpose to serve, they are not liable for the damage they cause (Reinforce, Inc. v. Birney, 308 N. Y. 164, 169.)
Thus, actions which might constitute prima facie tort, if done solely to injure a plaintiff, may be excused or justified on the ground of defendant’s reasonable self-interest which negatives the notion that the act was motivated solely by ill will (Reinforce, Inc. v. Birney, supra; Terry v. Dairymen's League Co-op. Assn., 2 A D 2d 494, 497-498).
In the instant case, it is apparent from the complaint itself that defendants were competitors of the plaintiff and that defendants’ acts were motivated not by “ disinterested malevolence ” but by their own ‘1 thrust for profits” (Benton v. Kennedy-Van Saun Mfg. Corp., 2 A D 2d 27, 29). Defendants’ self-interest negatives malice and precludes the theory of prima facie tort.
If defendants used unlawful means, of course, they may be held liable for the tort of unlawful interference with plaintiff’s contract, if he had one, or for libel or slander if such were committed, but the remedy for those acts lies in the classic categories of tort (Ruza v. Ruza, 286 App. Div. 767, 769, supra), and the pleading must conform to the requirements of such torts. The instant pleading does not.
The motion to dismiss is granted with leave to the plaintiff to serve an amended complaint within 10 days after service of a copy of the order to be entered hereon.
Submit order.