James D. Hopkins, J.
The defendants Terzian appeal from an order of the City Court of Peekskill, denying their motion to dismiss the complaint for insufficiency. The plaintiff is a real estate broker. The defendant Thompson was the owner of realty in the City of Peekskill. The moving defendants are the purchasers of such realty from the defendant Thompson.
For the purposes of this motion the allegations of the facts pleaded are admitted (Lamb v. Cheney & Sons, 227 N. Y. 418, 420). The ultimate question is whether the facts as stated constitute a cause of action against the defendants Terzian. The complaint states but one cause of action. In brief, it alleges:
That the defendant Thompson employed the plaintiff to procure a purchaser for the realty owned by her; that the plaintiff performed all the terms and conditions of the contract and brought the property to the attention of the moving defendants; that the moving defendants negotiated for the purchase of the property with the defendant Thompson; that the defendants for the purpose of depriving the plaintiff of his commission conspired to conduct the negotiations in secret and informed the plaintiff that the moving defendants were not interested in purchasing the property; that the moving defendants with the consent of the defendant Thompson employed a third party ostensibly to act as broker and to receive the commission; that the defendant Thompson sold the property to the moving defendants and paid a commission to such third party; that the plaintiff has been damaged as a result in the sum of $1,875 (which is 5% of the purchase price of the property).
*850 The moving defendants’ argument contends (1) that the complaint fails to disclose any damage to the plaintiff by reason of their conduct, since the plaintiff may recover on his contract against the defendant Thompson; and (2) that there is no claim that the moving defendants knew of plaintiff’s contract with the defendant Thompson, so that tortious interference with an existing contract is not alleged. The latter ground need not concern us, as the pleading fairly avers knowledge by the defendants. .
Whether the complaint is sufficient as a matter of law rests on a consideration of the principles guiding the conduct of one toward an existing contract between others or the business or economic interest of another. The doctrine, first announced in Lumley v. Gye (2 El & B1 216), that interference with an executed contract of employment would result in tort liability has been extended to interference' with contractual relations which would have been entered into save for the actions of the third party (Union Car Adv. Co. v. Collier, 263 N. Y. 386, 401), or with economic advantage reasonably to be expected (1 Harper & James, Law of Torts, § 6.11, p. 510). Conspiracy of itself does not add to the tort (Green v. Davies, 182 N. Y. 499; Brackett v. Griswold, 112 N. Y. 454); its allegation is merely a pleading device permitting evidence on the trial connecting one defendant with the acts of his codefendants (Cuker Industries v. Crow Constr. Co., 6 A D 2d 415, 417). Our prime inquiry must, therefore, be directed toward the complaint to ascertain what acts of the moving defendant are alleged as wrongful interference with plaintiff’s rights; the question is ‘1 whether this ease falls within the principle that a broker may not be deprived of his commissions by substituting another broker before final consummation or execution of the contract between the principals, by fraudulent means, or unless he kicks back a part of the commissions (Keviczky v. Lorber, 290 N. Y. 297; Horn r. Isbrandtsen Co., 4 A D 2d 855) ”, as was said by the court in Williams & Co. v. Collins Tuttle & Co., 6 A D 2d 302, 305-306).
The brief of the moving defendants urges ably and with considerable force that since the complaint pleads a cause of action on the contract against the owner, no damage has been suffered by the plaintiff in the absence of the allegation that he cannot collect from the owner. However, the trend of the law seems opposed to this view (Hornstein v. Podwitz, 254 N. Y. 443; Cuker Industries v. Crow Constr. Co., 6 A D 2d 415, 417, supra; Moser & Co. v. Kremer, 192 Misc. 85; Finkelstein v. Kesalp Realty Corp., 107 N. Y. S. 2d 267, revd. on other grounds 279 App. Div. 939; Rosenberg v. Weisberger, 200 Misc. 198). Thus *851 in Hornstein v. Podtwitz (supra, p. 449) the Court of Appeals stated: ‘ ‘ The fact that the plaintiff also has a cause of action against his principal for breach of contract does not prevent his having a cause of action against them. They cannot be heard to say that they are not liable for this wrongful act because the owner of the premises is also liable to the plaintiff for his commissions ”.
The complaint, fairly construed, pleads two acts of the moving defendants said to be wrongful: (1) both the concealment from the plaintiff that they were negotiating with the owner, and the representation to the plaintiff that they were not so negotiating; and (2) the substitution of another broker in place of the plaintiff. There is here no claim of a split in the commissions as in Kevicsky v. Lorber (290 N. Y. 297), or an implied saving in the ultimate price as in Horn v. Isbrandtsen Co. (4 A D 2d 855). There is lacking here any imputation of self-interest on the part of the moving defendants, or conversely, any allegation that their actions were motivated solely by malice and ill will against the plaintiff (cf. Benton v. Kennedy-Van Saun Mfg. Corp., 2 A D 2d 27). A purchaser might, it is supposed, insist upon the recognition of a designated broker as part of the consideration of the sale; it might be that his interest would be no more than friendship with the substituted broker. In such a case the remedy of the displaced broker who had succeeded in making the deal but was shut out of his compensation might be limited to his action on the contract against the seller. The complaint here goes beyond this hypothetical case, and pleads both passive and active concealment of negotiations by the moving defendants. Even though in the classic sense of fraud, the essential elements of an action in deceit are missing, the conduct of the moving defendants might be found under appropriate circumstances, as revealed by the evidence at the trial, to amount to sharp practice and a wrongful interference with plaintiff’s right to enjoy the fruits of his labor (cf. Cohen v. City Bank Farmers Trust Co., 276 App. Div. 195; see 6 N. Y. Jur., Brokers, § 94). Malice, not in the ordinary meaning, but as a legal word of act, i.e., an intentional doing of a harmful act without excuse (Lee v. Silver, 262 App. Div. 149, affd. 287 N. Y. 575; Navarro v. Fiorita, 271 App. Div. 62, affd. 296 N. Y. 783), might be inferred by the jury from the conduct of the defendants.
It must be emphasized that the facts on a trial might also be found by a jury or by the court not to impose liability of a tortious character on the defendants; all that is now being decided is that the plaintiff has a right to present his proof at *852 the trial. It must be noted, too, that upon the basis of his present pleading, the plaintiff must prove that he was the procuring cause of the sale.
The order below is, therefore, affirmed.
Submit order on notice.