■ MICHAEL JONES et al., Respondents, v MICKEY DUFF et al., Appellants, et al., Defendant. — In an action to recover damages for fraudulent, false and conspiratorial conduct, defendants Duff and Barrett appeal from an order of the Supreme Court, Nassau County (Burstein, J.), entered April 8, 1981, which granted plaintiffs' motion for leave to serve an amended complaint and denied their motion to dismiss the complaint. Order modified, on the law, by adding to

the second decretal paragraph, after the word "denied", the following: "as to plaintiff Tiffany Promotions, Inc., but the motion to dismiss is granted as to the plaintiffs Jones and Rappaport." As so modified, order affirmed, without costs or disbursements. The plaintiff Tiffany Promotions, Inc., is a promoter of prize fights. Plaintiff Jones is the manager of a professional boxer by the name of Howard Davis, Jr.; plaintiff Rappaport is the personal agent of Davis. The appealing defendants are promoters of a boxing contest between the defendant Jim Watt and Davis, which was held in Glasgow, Scotland. The amended complaint alleges that Watt was recognized by the World Boxing Council as the lightweight champion of the world; that under the constitution of the council, all boxers, promoters and their representatives must comply with its rules, and no promoter may control, directly or indirectly, any interest in a challenger or champion; that under the constitution of the council, the council solicits sealed bids for boxing contests, including offers for a purse to be awarded to the champion and challenger, the highest bidder to be awarded the match; and that the bid made by plaintiff Tiffany was $675,000, and the bid made by the defendants Duff and Barrett was $1,300,000. It is further alleged that the match between Watt and Davis was awarded by the council to Duff and Barrett, that the match was held, and that Watt was the winner. It is then alleged that the bid of Duff and Barrett was false and fraudulent in that they conspired with Watt to the effect that Watt would not be bound by the terms of the bid as to his share of the purse in order to obtain Glasgow as the site of the fight; and it is alleged that Watt said: "I did a deal outside the official purse offer to make sure of the home advantage." The plaintiffs claim that as a result of the fraudulent bid, Tiffany was deprived of the income and profits it would have made from its promotion of the fight in the United States; that Duff and Barrett were unjustly enriched by the income and profits arising from their promotion of the fight in Glasgow; and that Jones and Rappaport were deprived of the income they would have received if Davis had won, which result would have followed if the fight had been held in the United States. We agree with Special Term that the plaintiffs' motion to serve an amended complaint should have been granted under the practice of freely granting amendments of pleadings in the absence of prejudice (see CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934, 935). We agree, too, with Special Term that the amended complaint states a cause of action in favor of Tiffany against the appellants. The allegations of conspiracy and collusion between the defendants constitute a claim sounding in tort whereby Tiffany was deprived of a legitimate business expectancy (see, e.g., *Katz v Thompson,* 19 Misc 2d 848, affd 9 AD2d 951; *Ryan v Brooklyn Eye & Ear Hosp.,* 46 AD2d 87, · 89-91; *Leslie Blau Co. v Alfieri,* 157 NJ Super 173). When the terms of bidding are stipulated, a bidder is obligated not to engage in conduct violative of the terms and resulting in unfair advantage over the other competitors (cf. *People v Stephens,* 71 NY2d 527, 545-546; 10 McQuillin, Municipal Corporations [3d ed rev], § 29.69). If Watt secretly agreed to accept as his share of the purse a sum less than that to which he would be entitled under the terms of the bidding, it would constitute not only a violation of such terms but it also would have given the appellants an unfair advantage which they exploited to the damage of Tiffany. However, we do not agree that the allegations of the amended complaint state a cause of action in favor of Jones and Rappaport. Their claim depends on the supposition that if the fight had been held in the United States, Davis would have been the winner, because Watt was a native of Glasgow and received the ardent support of his followers, to such a degree that Davis was adversely affected in his style of boxing, and the boxing officials were unfavorably disposed toward Davis. From these allegations we

do not find a sufficient nexus between the appellants' conduct and the outcome of the bout. It is entirely speculative whether Davis would have won if the fight were held in the United States, for clearly many other factors enter into the result of a boxing contest, quite apart from the place of the contest or even the respective shares of the combatants. Hopkins, J. P., Rabin and O'Connor, JJ., concur.

Cohalan, J., concurs insofar as the majority has upheld the granting of plaintiffs' motion to serve an amended complaint, and has granted the motion to dismiss as to plaintiffs Jones and Rappaport, but otherwise dissents and votes to also dismiss the complaint of Tiffany Promotions, Inc. (Tiffany), with the following memorandum: In my view, Special Term's determination of appellants' motion to dismiss the complaint as to Tiffany was incorrect. For the purpose of appellants' motion pursuant to CPLR 3211 (subd [a], par 7), plaintiffs' allegations are accepted as true and viewed in a light most favorable to plaintiffs (see *Rovello v Orofino Realty Co.,* 40 NY2d 633, 634). The amended complaint is deemed to allege whatever can be implied from its statements (see *Cohn v Lionel Corp.,* 21 NY2d 559, 563; *Kober v Kober,* 16 NY2d 191, 193). The focus of the question presented on such a motion is whether the requisite allegations of any valid cause of action can be gathered from all the averments (see *Guggenheimer v Ginzburg,* 43 NY2d 268, 272; *Rovello v Orofino Realty Co., supra,* p 634; *Foley v D'Agostino,* 21 AD2d 60, 65). The amended complaint, in the instant case, fails to allege facts sufficient to sustain a cause of action based on either fraud and deceit, unlawful interference with precontractual rights, unfair competition or prima facie tort. A cause of action based upon fraud requires misrepresentation of a fact, intended to deceive the other party, which causes reliance to one's detriment by that other party on such misrepresentation (see *Lanzi v Brooks,* 54 AD2d 1057, affd 43 NY2d 778; *Jo Ann Homes at Bellmore v Dworetz,* 25 NY2d 112; *Reno v Bull,* 226 NY 546). The bids in question were sealed. Accordingly, Tiffany could not have relied to its detriment on facts in appellants' bid of which it had no knowledge. The pleading fails to state facts sufficient to sustain causes of action for unfair competition or unlawful interference in precontractual negotiations. Special Term correctly noted that the amendment cured the complaint to the extent that plaintiff Tiffany now states that it and not a third party (Sam Glass) would have received the promotion rights to the championship fight but for the alleged fraudulent and deceitful acts of defendants (see *Union Car Adv. Co. v Collier,* 263 NY 386, 401; *Susskind v Ipco Hosp. Supply Corp.,* 49 AD2d 915). The complaint, however, fails to allege a malicious or unlawful intent on the part of defendants. "Not until false, fraudulent and malicious methods are used to kill off a competitor does the law take notice" (*Union Car Adv. Co. v Collier, supra,* p 396). The alleged agreement between the defendants Duff and Barrett and defendant Watt for a lower share of the purse may have been in violation of the World Boxing Council rules, but was not unlawful. Nor are the acts malicious or motivated by a desire to damage the plaintiffs. Consequently, a cause of action for unfair competition or unlawful interference will not lie (see *Williamson, Picket, Gross v 400 Park Ave. Co.,* 63 AD2d 880, affd 47 NY2d 769; *Susskind v Ipco Hosp. Supply Corp., supra; Benton v Kennedy-Van Saun Mfg. & Eng. Corp.,* 2 AD2d 27). Plaintiffs fail also to state a cause of action in prima facie tort. " 'The key to the prima facie tort is the infliction of intentional harm, resulting in damage, without excuse or justification, by an act or series of acts which would otherwise be lawful' " (*Spivak v Delma Studios,* 15 Misc 2d 760, 761, citing *Ruza v Ruza,* 286 App Div 767, 769). Conduct which might constitute prima facie tort if done solely to injure a plaintiff, may be justified on the ground of the defendant's economic self-interest which negates a finding of individual malice toward the plaintiff (*Williamson, Picket, Gross v*

*400 Park Ave. Co., supra; Spivak v Delma Studios, supra*). As stated previously, no such intent is alleged in the pleading, nor can one be implied. Consequently, appellants' self-interest precludes a cause of action in prima facie tort. Accordingly, plaintiffs' amended complaint fails to state a cause of action on which relief can be granted. A complaint is supposed to consist of plain and concise statements (CPLR 3014). Here, the amended complaint is rife with statements that are conclusory in nature and consist of surmise, conjecture, and "ifs, ands, or buts". I would dismiss the amended complaint in its entirety.